# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, et al.,<br><br>  Defendants. | Case No. 1:19-cv-00158-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND<br><br>ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN THIS ACTION TO A DISTRICT JUDGE<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Pedro Rodriguez, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on February 5, 2019.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or

1

that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is housed at Valley State Prison ("VSP").

Plaintiff is a disabled Mexican American. While not entirely clear from Plaintiff's complaint, it appears that he was enrolled in a college program in August 2017 while he was housed at Ironwood State Prison. After Plaintiff was transferred to VSP, he requested to continue his college studies and his request was denied because the program was full. Plaintiff

2

received a response from Carothers in education that he was expected to have 120 students and was currently working with about 150 which put him well over his capacity and until there were open spaces Plaintiff would be placed on the waiting list along with the 585 other individuals who are seeking entry into the program.

Plaintiff contends that he is being denied educational merit credit because he is not being allowed to participate in education activities. Plaintiff has determined that California's regulations provide an absolute right for an inmate to participate in educational programing that cannot be denied because there is no room in the programs. Plaintiff alleges that denying him the ability to participate in earning educational merit credits is deliberate indifference in violation of the Eighth Amendment, and violates equal protection and due process in violation of the Fourteenth Amendment. He brings this action against Scott Kernan, Warden Fisher, VSP Principal Rodriguez, VSP Vice Principal J. Deundian, CDCR Appeals Examiner G. Huckabay, CDCR Appeals Examiner G. Bickham, and CDCR Appeals Chief M. Voong in their official and individual capacities seeking declaratory and injunctive relief and monetary damages.

## III.

## DISCUSSION

### A. Due Process

Plaintiff contends that Proposition 57 which was passed in the November 2016 elections and the subsequent regulations have created a liberty interest in participating in educational programs while in prison. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and substantive due process. Albright v. Oliver, 510 U.S. 266, 272 (1994); Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006). In his complaint, Plaintiff alleges that denying him of the ability to participate in educational classes shocks the conscious. However, regardless of whether Plaintiff is bringing a procedural due process or substantive due process claim, he has failed to allege a liberty interest under the Due Process

3

Clause.

In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Wilkinson, 545 U.S. at 221; Brittain, 451 F.3d at 991. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

Initially, Plaintiff alleges that he is being denied good conduct credit pursuant to section 3043.2 et seq. Section 3043.2 addresses general good conduct credit which is available to all inmates sentenced to a determinate sentence. However, Plaintiff's complaint does not demonstrate that he is being denied general good conduct credit but specifically addresses educational merit credit.

Proposition 57 was passed in the November 2016 elections after which the CDCR issued new regulations that governed the ability of inmates to earn custody credits to advance their parole dates. People v. Contreras, 4 Cal.5th 349, 374 (2018), as modified (Apr. 11, 2018). Plaintiff contends that in reading sections 3043(b), 3043.2, and 3043.5(b) of title 15 of the California Code of Regulations he has found that they create an absolute right for an inmate to take educational classes to receive educational merit credits.

Section 3043(b) of title 15 of the California Code of Regulation provides that "[a]ll eligible inmates shall have a reasonable opportunity to earn Good Conduct Credit, Milestone Completion Credit, Rehabilitative Achievement Credit, and Educational Merit Credit in a manner consistent with the availability of staff, space, and resources, as well as the unique safety and security considerations of each prison." Cal. Code Regs. tit. 15, § 3043(b). Regs. tit. 15, § 3043(b).

As relevant here, section 3043.5(b), provides that

> Notwithstanding any other authority to award or limit credit, effective August 1, 2017, all inmates eligible for Good Conduct Credit pursuant to section 3043.2 shall be eligible for Educational Merit Credit pursuant to this section. The award of Educational Merit Credit shall advance an inmate's release date if sentenced to a determinate term or advance an inmate' initial parole hearing date pursuant to subdivision (a)(2) of section 3041 of the Penal Code if sentenced to an indeterminate term with the possibility of parole.

Cal. Code Regs. tit. 15, § 3043.5(b). Credits are awarded upon the completion of the diploma, certificate, or degree. Id. Plaintiff relies on section 3043.5(b)'s language that inmates shall be eligible for educational merit credits to argue that the state has created a liberty interest in an inmate participating in an educational program. However, in Sandin, the Supreme Court held in the prison context it is not the mandatory language of the statute that creates a liberty interest. 515 U.S. at 481-83.

> "[T]he search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause. The time has come to return to the due process principles we believe were correctly established in and applied in Wolff[ v. McDonnell, 418 U.S. 539 (1974)] and Meachum[ v. Fano, 427 U.S. 215 (1976)]. Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

Id. at 483-84 (internal citations omitted). "After Sandin, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.' " Wilkinson, 545 U.S. at 223.

Here, placing Plaintiff on the waiting list for classes does not present an atypical and significant deprivation that would create a liberty interest. As demonstrated from Plaintiff's complaint only 150 inmates were participating in the educational classes and there were over 580 inmates on the waiting list. Plaintiff is being subjected to the same conditions as the majority of inmates housed at the prison. Further, although Plaintiff alleges that he is being denied the credits because he is unable to enroll in the educational program, there is no guarantee that he

would finish the requisite classes and obtain a diploma, certificate or degree. Cal. Code Regs. tit. 15, § 3043.5(b). Therefore, it is not inevitable that the denial of entry into the program will affect the duration of Plaintiff's sentence. Sandin, 515 U.S. at 487. Finally, even the plan language of the statute demonstrates that the availability of the classes are to be based on availability of staff, space, and resources, as well as the unique safety and security considerations of each prison." Cal. Code Regs. tit. 15, § 3043(b). Plaintiff has not alleged facts to demonstrate that he is being subjected to conditions of confinement that impose "atypical and significant hardship" on him "in relation to the ordinary incidents of prison life." Keenan, 83 F.3d at 1088.

Plaintiff's reliance on Teague v. Quarterman 482 F.3d 769 (5th Cir. 2007) to argue that he has a protected liberty interest in this instance is misplaced. In Teague, the court found a liberty interest in previously earned good time credits. 482 F.3d at 777. Such is not the case here, where Plaintiff is not challenging the loss of good time credit that he has already earned, but is challenging his inability to earn additional credit by completing an educational program that he is not currently participating in. Similarly the other cases relied on by Plaintiff do not address the issue raised here. See Gwinn v. Awmiller, 354 F.3d 1211 (10th Cir. 2004) (withholding of good time credit because inmate refused to admit he was a sex offender); Chambers v. Colorado Dep't of Corr., 205 F.3d 1237 (10th Cir. 2000) (same); Montgomery v. Anderson, 262 F.3d 641 (7th Cir. 2001) (reduction of plaintiff's credit earning class); Lewis v. Washington, 197 F.R.D. 611 (N.D. Ill. 2000) (placement of inmates into unapproved protective custody); Clarkson v. Coughlin, 898 F.Supp. 1019 (S.D.N.Y. 1995) (failure to provide accommodations and assistance to deaf inmates); Little v. Terhune, 200 F.Supp.2d 445 (D.N.J. 2002) (equal protection claim based on failure to provide inmates in administrative segregation with same educational opportunities provided to inmates in general prisoner population).

Plaintiff also relies on Beebe v. Heil, 333 F.Supp.2d 1011 (D. Colo. 2004), an action in which a convicted sex offender was expelled from the sex offender program that was required to be completed in order for him to be eligible for parole. In determining whether the plaintiff stated a due process claim, the court considered that therapy was an inherent and integral part of the statutory scheme and its deprivation was clearly an grievous loss to the plaintiff. Beebe, 333

1  F.Supp.2d at 1016.  The statute at issue required the department of corrections to prove treatment
2  and withholding the treatment changed the plaintiff's status from eligible for parole to ineligible
3  for parole.  Id. at 1017.  In considering the substantive due process claim, the court found that
4  "the allegation that no program or policy was in place to provide due process to Plaintiff before
5  he was arbitrarily deprived of his right to treatment in the program could satisfy the 'shocks the
6  conscience' test, especially since the Amended Complaint suggests that prison officials failed to
7  do so despite having had ample time and opportunity to establish a policy or practice that would
8  have provided basic due process protections to Plaintiff before his termination."  Id. at 1018.

However, Beebe is distinguishable from the instant action.  Here, the statute does not mandate that educational programs be provided to inmates, nor does the inability to participate in such a program change Plaintiff's status.  Plaintiff is still eligible for parole, and the educational classes just provide the possibility that he might be paroled earlier.  Therefore, the Court finds that Beebe does not support Plaintiff's argument that a liberty interest exists in this instance.

Plaintiff has failed to identify a liberty interest protected by the Due Process clause and fails to state a cognizable due process claim.

**B.     Equal Protection**

Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race.  Wolff, 418 U.S. at 556; see also Turner v. Safley, 482 U.S. 78, 84 (1987); Bell v. Wolfish, 441 U.S. 520, 545 (1979).  There are two ways for a plaintiff to state an equal protection claim.  A plaintiff can state a claim for violation of the Equal Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class."  Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003).  Intentional in this context means that the defendant acted, at least in part, because of the plaintiff's membership in a protected class.  Serrano, 345 F.3d at 1082.  Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis for the difference in treatment. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Although Plaintiff alleges that he is Hispanic and disabled, it is clear from his complaint that he is not being denied access to the educational programs based upon either status. Plaintiff has not been permitted to enroll in the program because it is full and he has been placed on the waiting list along with the other inmates that seek entry into the program. Plaintiff cannot state a plausible claim that he is denied entry into the program because of his protected status.

Further, Plaintiff cannot demonstrate that he was intentionally treated differently than any other similarly situated inmates. All inmates who have applied to the program are placed on the waiting list until a spot in the program opens. Plaintiff has failed to state a cognizable equal protection claim.

**C.     Eighth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. Bell, 441 U.S. at 535; Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Although prison conditions may be restrictive and harsh, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Frost, 152 F.3d at 1128.

Plaintiff's complaint fails to contain any factual allegations that depriving him of the opportunity to participate in the educational programs has created a risk of harm to his health or

safety. Plaintiff has failed to state a cognizable claim for deliberate indifference in violation of the Eighth Amendment.

### D. Americans with Disabilities Act and Rehabilitation Act

Plaintiff also states that he is entitled to damages under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). Title II of the ADA and section 504 of the RA prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Similarly, the RA provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." 29 U.S.C. § 794(a). Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S. Ct. 1952, 1955 (1998); Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1021 (9th Cir. 2010).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052; accord Martin v. California Dept. of Veterans Affairs, 560 F.3d 1042, 1047 (9th Cir. 2009). "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Lovell, 303 F.3d at 1052. As there is no significant difference in the analysis of rights and obligations under the two Acts, Miller v. Monroe Sch. Dist., 159 F.Supp.3d 1238, 1249 (W.D. Wash. 2016), the Court analyzes the claims together.

Here, Plaintiff cannot state a claim under the ADA or the RA because it is clear from the complaint that he is not being denied participation due to any disability. Plaintiff has been

denied participation at the current time because the program is full and has been placed on the waiting list until an available spot opens in the program. Plaintiff has failed to state a cognizable claim for violation of the ADA or RA.

### E. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).

In this instance, the Court finds that amendment of the complaint would be futile. As discussed above, Plaintiff does not have a liberty interest in participating in an educational program while in prison. Additionally, based on the allegations in the complaint, Plaintiff can allege no facts to state a cognizable equal protection, ADA, or RA claim because it is clear from the complaint allegations that the reason that Plaintiff has been denied the ability to participate in the educational program is because it is full and there are hundreds of inmates on the waiting list. Finally, the Court finds that there are no facts that Plaintiff can allege in this instance to demonstrate that failure to allow him to participate in an educational program would create a substantial risk of harm to his health or safety.

Accordingly, the Court recommends that the complaint be dismissed without leave to amend.

## IV.

## CONCLUSION AND RECOMMENDATIONS

For the reasons stated, Plaintiff's complaint fails to state a cognizable claim for a violation of his federal rights. Based upon the allegations in the complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would state a claim for

violation of the rights alleged, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")  Based on the nature of the deficiencies at issue, the Court finds that leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be dismissed without leave to amend, and this action be closed.

IT IS HERBY ORDERED that the Clerk of the Court is directed to randomly assign this action to a district judge.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (3) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 30, 2019**

UNITED STATES MAGISTRATE JUDGE