**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　　Defendants. | Case No.  1:19-cv-00158-AWI-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF Nos. 1, 6) |

　　　　Plaintiff Pedro Rodriguez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　The assigned Magistrate Judge issued findings and recommendations recommending that Plaintiff's complaint be dismissed without leave to amend, and this action be closed.  (ECF No. 6.)  The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service.  (Id. at 11.)  After obtaining an extension of time, Plaintiff timely filed written objections to the findings and recommendations.  (ECF No. 11.)

　　　　First, with respect to the Magistrate Judge's finding that Plaintiff has not pled a cognizable due process claim, Plaintiff asserts that the Magistrate Judge's findings have been nullified by the May 2019, Frequently Asked Questions regarding Proposition 57 credit ("FAQ"), which are

1

1  posted in the dayroom of the housing area at Valley State Prison.  Specifically, Plaintiff argues
2  that since the FAQ states that "Credit-earning opportunities are available to all inmates" without
3  any caveat as to availability, space, and resources, Plaintiff has a liberty interest in participating in
4  educational opportunities so that he can earn educational merit credit, and that his liberty interest
5  is being violated by his placement on a waiting list.  (Id. at 1-3.)
6       However, Plaintiff's objection is unpersuasive.  As discussed in the Magistrate Judge's
7  findings and recommendations, a protected state-created liberty interest does not come into
8  existence just because there is mandatory language in regulations or documents issued or
9  promulgated by the California Department of Corrections and Rehabilitation.  See Wilkinson v.
10 Austin, 545 U.S. 209, 223 (2005); Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  The Court
11 finds that Plaintiff has failed to establish that he has a protected liberty interest in participating in
12 educational classes so that he can earn educational merit credit.  Therefore, Plaintiff has not pled
13 a cognizable due process claim.
14      Second, Plaintiff argues that the Magistrate Judge erred by finding that Plaintiff was not
15 being treated differently than other similarly situated inmates because, statewide, other prisoners
16 are being allowed to participate in educational classes and earn educational merit credit.  (ECF
17 No. 11, at 4.)  However, as discussed in the findings and recommendations, Plaintiff has failed to
18 plead facts demonstrating that he is being intentionally treated differently from other similarly
19 situated inmates.  See Ruston v. Town Bd. for the Town of Skaneateles, 610 F.3d 55, 59-60 (2d
20 Cir. 2010) (stating that plaintiffs bringing a class of one equal protection claim "must show an
21 extremely high degree of similarity between themselves and the persons to whom they compare
22 themselves[]").
23      Third, Plaintiff asserts that he has pled a cognizable claim for deliberate indifference in
24 violation of the Eighth Amendment.  (ECF No. 11, at 4-5.)  As discussed in the findings and
25 recommendations, Plaintiff's claim that he is unable to participate in educational classes and earn
26 educational merit credits does not raise to the level of an Eighth Amendment violation because
27 Plaintiff has not alleged facts showing that prison officials knew of and disregarded a substantial
28 risk of serious harm to Plaintiff's health or safety.

Fourth, Plaintiff contends that he has pled a cognizable claim for violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") because placement on a waiting list amount to exclusion from a prison program, service, or activity.  (Id. at 5-6.)  However, as discussed in the findings and recommendations, Plaintiff has failed to state a cognizable claim for violation of the ADA and the RA because it is clear from Plaintiff's complaint that Plaintiff is not being denied participation in the educational classes due to any disability.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 6) are adopted in full;
2. This action is dismissed, with prejudice, due to Plaintiff's failure to state a claim upon which relief may be granted; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   July 14, 2020                                      _____
                                                                            SENIOR  DISTRICT  JUDGE